UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| **AMANDA OWENS SETTLES** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** __3:19-CV-391-__JHM |
| | ) | |
| **WALMART, INC.** | ) | |
| | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## COMPLAINT

### I. PARTIES

1.     The Plaintiff, Amanda Owens Settles ("Settles") is a Bardstown, Nelson County, Kentucky resident.

2.     The Defendant, Walmart, Inc. ("Walmart"), is a Foreign Corporation operating and conducting business in Bardstown, Nelson County, Kentucky.

### II. JURISDICTION AND VENUE

3.     This is an action for violations of the Family Medical Leave Act ("FMLA") pursuant to 29 USC §2601 et. seq., the Americans with Disabilities Act ("ADA") pursuant to 42 USC §12101 et. seq. and the Kentucky Workers Compensation Act, KRS 342.197.

4.     This Court has original jurisdiction pursuant to the provisions of 29 USC §2601 et. seq. and 42 USC §12101 et. seq.

5.     Venue is proper in this district because the actions giving rise to this Complaint occurred in this judicial district.  Further, Defendant Walmart operates and conducts business within this judicial district.

### III. FACTUAL BACKGROUND

6.      Settles is a former employee of Walmart.

7.      Settles was employed by Walmart as the produce department manager.

8.      Settles began her employment with Walmart in November of 2007 and was employed with Walmart for eleven (11) years.

9.      Walmart is an "employer" within the meaning of the FMLA, ADA, and KRS 342.197 at all times relevant to this Complaint.

10.     Settles was an "eligible employee" within the meaning of the FMLA, at all times relevant to this Complaint.

11.     During the course of Settles' employment, in approximately October 2015, Settles suffered a workplace injury when a coworker dropped a wooden pallet full of pumpkins on Settles' right foot. Settles initially thought her foot was just bruised, but after she continued to experience worsening pain for several weeks, Settles sought medical treatment and filed a workers' compensation claim.

12.     Walmart contested Settles' claim against it for workers' compensation benefits and Settles ultimately hired a workers' compensation attorney to represent her. The claim was presented for a hearing on May 21, 2018 with an Administrative Law Judge (ALJ). The ALJ issued her opinion on July 19, 2018, finding Settles' injury to be a compensable injury, assessing a permanent impairment rating of 7% and requiring Walmart to pay for both past and future medical treatments associated with her injury.

13.     Settles was diagnosed with retrocalcaneal bursitis, chronic Achilles tendinitis and a stress fracture. Settles was placed in a medical boot and on work restrictions of four (4) hours performing her regular job duties and then finishing the remainder of her shift performing "sit-

down" duties. Settles remained on restrictions of working four (4) hours regular duty, four (4) hours light duty for two years during the pendency of her workers' compensation claim, until her physicians later increased her restrictions to full sit-down duty in June of 2017.

14.     Due to complications from prolonged wearing of the medical boot, Settles began having hip and back pain caused by an abnormal gait. Settles began treating with a chiropractor and undergoing physical therapy.

15.     Settles was also advised that her arch was falling from the medical boot usage and was prescribed orthotics to wear inside of her shoe, which were ineffective and caused Settles significantly more pain.

16.     Settles was referred for treatment with another physician who prescribed a topical compound cream which initially improved her symptoms until Settles' foot was hit with a cart at work, causing her to lose any progress she had gained.

17.     On June 7, 2017, Settles' physician determined that due to the time it took her to improve from the initial injury, Settles developed secondary plantar fasciitis and bone stress. Settles' physician changed her restrictions at that time to full "sit-down" duty and Settles was eventually transferred to Walmart's claims department in late 2018.

18.     In October of 2017, Settles was referred to another physician who diagnosed Settles with plantar fascial fibromatosis and advised that treatment for her condition could last from several months to two (2) years before her symptoms improved.

19.     Because Settles was required to attend physical therapy, chiropractor and follow up medical appointments to treat her workplace injury, Settles applied and was approved for intermittent FMLA leave.

20.     Although Settles had notified Walmart on multiple occasions that her address had changed and needed to be updated in the system, Walmart refused to update her address causing Settles to miss information regarding her workers' compensation claim, including workers' compensation payments, as well as information regarding her FMLA leave requests.

21.     Following the ALJ's decision against it, Walmart began harassing and retaliating against Settles and assessing attendance points against her for dates that she was attending medical appointments related to her workplace injury.

22.     Following Settles' return to work on days that she was absent or tardy due to her chiropractor or physical therapy appointments, the claims department supervisor repeatedly questioned Settles about why she was receiving medical treatment and asked multiple times if it was related to her workplace injury. The supervisor's questions became so frequent and persistent that Settles came to believe that this individual was attempting to illicit information from Settles that Walmart could use against her in getting her workers' compensation claim and further medical treatments denied.

23.     Settles made multiple verbal complaints to Walmart's Human Resource (HR) Department about being improperly assessed attendant points related to medical treatment of her workplace injury and being harassed about her workers' compensation claim, yet Walmart continued to assess points against Settles claiming that she needed to contact an 800 number for Sedgwick, its third party administrator for FMLA.

24.     Following her efforts to reach Sedgwick and get her attendance points approved, Settles filed a written complaint on April 4, 2019 to Walmart's HR department stating that she believed Walmart was retaliating and discriminating against her because of her disabilities arising from her workplace injury.

25.     Walmart's HR department failed to respond to Settles' compliant and continued to assess attendance points against her.

26.     Settles then filed an additional written complaint through Walmart's "open door" ethics complaint department on approximately May 11, 2019.

27.     Settles was terminated just days later on May 13, 2019 for "attendance." Walmart refused to provide Settles with documentation regarding the dates in which she had been assessed points, of which Settles disputed.

28.     Upon information and belief, Walmart has treated non-disabled/non-injured associates more favorably by not terminating those associates with a higher number of attendance points than Settles, or by not assessing points to those associates in the first place.

29.     At the time of her termination from Walmart, Settles still had significant personal days available to her.

30.     Also at the time of her termination, Settles was pursuing a workers' compensation claim against Walmart for medical complications caused by her initial right foot injury.

31.     Settles' chronic Achilles tendonitis, fibromatosis and bursitis diagnoses constitutes a disability under the American with Disabilities Act ("ADA") pursuant to 42 USC §12102 et. seq. and a "serious health condition" under the Family Medical Leave Act ("FMLA"), 29 United States Code § 2601 *et. seq.*

32.     Walmart failed to accommodate Settles' disabilities and discharged Settles in retaliation for Settles' complaints of discrimination, her requests for accommodation and her filing and pursuit of FMLA and workers' compensation.

33.     Walmart was aware of Settles' disabilities prior to discharging her.

5

34.     Walmart perceived and regarded Settles as having disabilities prior to discharging her.

35.     Following her termination, Settles filed an EEOC claim against Walmart, case number 474-2019-00849 for disability discrimination, failure to accommodate and retaliation on or around May 20, 2019.

### III.     CLAIMS AND CAUSES OF ACTION

#### COUNT I.     VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT (INTERFERENCE)

36.     Settles re-alleges all allegations contained in paragraphs 1 through 35 above as if fully set forth herein.

37.     Settles was an eligible employee under the FMLA and at the time of her leave, Settles had been employed by Walmart for at least twelve (12) months.

38.     Settles properly notified Walmart of her need for leave for her serious health conditions.

39.     Settles was entitled to receive leave pursuant to the FMLA.

40.     Walmart failed to provide proper and accurate notice to Settles regarding her FMLA entitlement and designating the dates upon which her FMLA had been approved or denied and failed to correct Settles contact information in its computer system causing Settles not to receive information regarding her FMLA leave.

44.     Walmart's actions, as set forth above, constitute interference in violation of the FMLA.

42.     As a result of Walmart's violation of the FMLA, Settles has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

## COUNT II.   VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT (RETALIATION)

43.      Settles re-alleges all allegations contained in paragraphs 1 through 42 above as if fully set forth herein.

44.      Settles was an eligible employee under the FMLA.

45.      Walmart retaliated against Settles by assessing attendance points against Settles and for terminating Settles for taking FMLA-qualifying absences.

46.      Walmart's actions, as set forth above, constitute retaliation in violation of the FMLA.

47.      As a result of Walmart's violation of the FMLA, Settles has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

## COUNT III.   VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT/ DISCRIMINATION ON THE BASIS OF AN EMPLOYEE'S DISABILITY

48.      Settles re-alleges all allegations contained in paragraphs 1 through 47 above as if fully set forth herein.

49.      Walmart terminated Settles' employment on the basis of a disability and/or a "perceived" disability and/or a "regarded as" disability in violation of 42 USC §12101 et. seq.

50.      As a result of Walmart's violations of the ADA, Settles has been damaged in an amount in excess of the minimum jurisdictional limits of this court.

## COUNT IV.   VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT/EMPLOYER'S FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

51.      Settles re-alleges all allegations contained in paragraphs 1 through 50 above as if fully set forth herein.

52.     Settles was a qualified individual with a disability under the ADA, 42 USC §12101 et. seq.

53.     Walmart failed to reasonably accommodate Settles' disability in violation of 42 USC §12101 et. seq.

54.     As a result of Walmart's violations of the ADA, Settles has been damaged in an amount in excess of the minimum jurisdictional limits of this court.

## COUNT V. <u>VIOLATIONS OF KRS 342.197</u>

55.     Settles re-alleges all allegations contained in paragraphs 1 through 54 above as if fully set forth herein.

56.     Walmart discharged Settles in violation of the anti-retaliation provisions of Kentucky Revised Statutes, Chapter 342 *et. seq.*, and KRS 342.197.

57.     As a result of Walmart's violation of KRS 342.197, Settles has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

## COUNT VI.   <u>MANDATORY RECOVERY OF ATTORNEY'S FEES AND COSTS</u>

58.     Settles re-alleges all allegations contained in paragraphs 1 through 57 above as if fully set forth herein.

59.     Settles is mandatorily entitled to recover her attorney's fees and costs pursuant to the provisions of the FMLA, ADA and KRS 342.197.

## IV.     <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff, Amanda Owens Settles, respectfully prays that she be awarded the following relief and all other relief to which she may be entitled against the Defendant, Walmart, Inc.:

A.     Trial by jury;

B.      Judgment against Defendant on all claims asserted herein;

C.      Compensatory and actual damages including but not limited to past and future lost wages and past and future lost benefits;

D.      Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E.      All statutory remedies provided by the FMLA, the ADA and KRS 342.197;

F.      Liquidated damages pursuant to the FMLA for Defendant's willful violations of the FMLA;

G.      Equitable relief in the form of reinstatement, promotion and/or front pay;

H.      Punitive damages to punish and deter similar future unlawful conduct;

I.      An award of statutory attorney fees, expert witness fees, costs and expenses;

J.      Statutory interest on all monetary damage awards, verdicts, or judgments; and

K.      All other and additional relief to which Settles may be entitled.

Respectfully submitted,

THE ZOPPOTH LAW FIRM


/s/ Amanda R. Walker_____
Amanda R. Walker
Bradley S. Zoppoth
635 W. Main Street, Suite 400
Louisville, KY  40202
(502) 568-8884
arw@zoplaw.com
bsz@zoplaw.com
*Counsel for the Plaintiff, Amanda Owens Settles*